**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JOSE ANTONIO GURROLA, 900607,  ) | |
|       Petitioner, ) | |
| ) | |
| v.  ) | No. 3:11-CV-1480-G |
| ) | |
| RICK THALER, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|       Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner challenges his conviction for manslaughter, enhanced by two prior felony convictions. *State of Texas v. Jose Antonio Gurrola*, No. F-9902180-UK (Crim. Dist. Ct. No. 4, Dallas County, Tex., Nov. 17, 1999). Petitioner was sentenced to life in prison. He did not file a direct appeal.

On September 24, 2008, Petitioner filed a state applications for writ of habeas corpus. *Ex parte Gurrola*, No. 70,952-01. On November 5, 2008, the Texas Court of Criminal Appeals dismissed the applications for failure to comply with Texas Rule of Appellate Procedure 73.1.

On June 24, 2011, Petitioner filed this federal petition pursuant to 28 U.S.C. § 2254. He argues:

(1)     his conviction was obtained by the use of a coerced confession;

(2)     his conviction was obtained in violation of his privilege against self-incrimination;

(3)     he received ineffective assistance of counsel when counsel:

   (A)   failed to obtain medical statements regarding his mental health condition;

   (B)   failed to file an appeal or request that the court appoint appellate counsel;

(4)     he was denied the right to appeal.

On November 10, 2011, Respondent filed his answer arguing the petition is time-barred and unexhausted. Petitioner did not file a reply. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -2-

Petitioner was convicted on November 17, 1999.  He did not file a direct appeal.  His conviction therefore became final thirty days later on December 17, 1999.  *See* Tex. R. App. P. 26.2; *see also Gonzales v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653-54 (2012) (stating the judgment becomes final at the expiration of the time for seeking direct review, regardless of when mandate issues); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (same).  Petitioner then had one year, or until December 17, 2000, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations.  *See* 28 U.S.C. § 2244 (d)(2).  On September 24, 2008, Petitioner filed a state petition for writ of habeas corpus.  This petition did not toll the limitations period, however, because it was filed after the one-year limitations period expired.  Even if it had been filed prior to the AEDPA limitations date, it would not have tolled the limitations period because it was dismissed for failure to comply with the Texas appellate rules.  It therefore was not "properly filed" within the meaning of § 2244(d).  *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when

---

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -3-

its delivery and acceptance are in compliance with the applicable laws and rules governing filings).

Petitioner was required to file his federal petition by December 17, 2000. He did not file his petition until June 24, 2011. His petition is therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner states he does not speak or understand English. This claim, however, does not entitle him to equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, illiteracy, a prisoner's *pro se* status and lack of legal training do not support equitable tolling of the AEDPA statute of limitations); *United States v. Morfin*, No. 3:06-CV-2301-M, 2007 WL 837275, *3 (N.D. Tex. 2007) (finding the inability to speak or read English does not entitle a petitioner to equitable tolling). Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 7th day of March, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).